UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL WILLIAM BRADLEY,
    Plaintiff,

v().  Case No.: 3:23cv24728/TKW/ZCB

JOYCE WILLIAMS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

On November 27, 2023, Plaintiff filed a *pro se* civil rights complaint. (Doc. 1). Plaintiff was required to list his address in his complaint. He listed 3 West Garden Street in Pensacola, Florida. (*Id*. at 2). Upon filing his case, Plaintiff was advised that he must keep the Court apprised of his current address so that the Court can communicate with him about his case. (Doc. 2 at 6).

On November 30, 2023, the Court ordered Plaintiff to pay the filing fee or file a complete application to proceed *in forma pauperis*. (Doc. 3). The Clerk of Court mailed the order to the address Plaintiff had provided. (*See* Doc. 3 Docket Entry). On December 4, 2023, the Court received a notice from attorney Randall Etheridge. (Doc. 4). The notice indicated that the address provided by Plaintiff in the complaint is Mr. Etheridge's

office address. Mr. Etheridge does not represent Plaintiff, nor has he agreed to accept Plaintiff's mail. (*Id.*). Mr. Etheridge has asked that his name and address be removed "as a point of contact for this person." (*Id.*). The Court has no other mailing address for Plaintiff.

Despite being told that he must provide the Court with his current address, Plaintiff has not done so. Instead, he provided an address that apparently has no connection to him. As a result, the Court has no address at which it can contact Plaintiff. That makes it impossible for the Court to communicate with Plaintiff as necessary to adjudicate his case. A perfect example of this is the inability of the Court to send the order to Plaintiff directing him to file an *in forma pauperis* application or pay the filing fee in this case. Thus, dismissal is warranted. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming the district court's dismissal when the plaintiff failed to update the court of his address change, which prevented him from complying with court orders); *see also Washington v. Escambia Cnty. Jail*, No. 3:22cv4842, 2022 WL 4486079, at *1 (N.D. Fla. June 6, 2022), *adopted by* 2022 WL 4486984 (Sept. 27, 2022) (dismissing complaint where the *pro se* plaintiff failed to provide an accurate mailing address).

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for Plaintiff's failure to provide the Court with an accurate mailing address. The Clerk of Court should be directed to close this case.

At Pensacola, Florida this 11th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.